**STRAUCH v. COLLADAY et al.**

**No. 5913.**

Court of Appeals of the District of Columbia.

Argued Dec. 5, 6, 1933.

Decided Jan. 2, 1934.

Reargument, etc., Denied Feb. 5, 1934.

George E. Sullivan, of Washington, D. C., for appellant.

Edward F. Colladay and Enoch A. Chase, both of Washington, D. C., for appellee receivers.

Walter B. Guy, of Washington, D. C., for appellees Dulin & Martin.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

## PER CURIAM.

The La Salle apartment and store building in Washington city is in the hands of receivers appointed by the District Court in an equity foreclosure suit brought June 12, 1931, by the holders of first mortgage notes. The building consists of 98 apartments and a store on the ground floor. The carrying charges, including ground rent, taxes, and operating expenses, exceed $7,000 per month. The rental from the store property was the largest item of income, and at the time of the appointment of receivers the store tenant was in financial difficulties and unable to pay the full rental. Its business had been steadily conducted at a loss, and it was seeking an accommodation with its creditors. Without such accommodation bankruptcy was inevitable. In these circumstances the receivers, believing it better to accept half a loaf than no loaf at all, filed a petition with the court recommending a compromise with the store tenant in back rent and the modification of the lease for three years on a materially lower rental basis, and asking for instructions.

The District Court thereupon held hearings on two occasions, at which were present the representatives of all the parties in interest, and the court found as a fact that the store tenant was in financial difficulties; that it was unable to pay the agreed rental or to pay in full the rental in arrears; that the receivers faced the loss of it as a tenant; that it was extremely doubtful if another could be found; and that there seemed to be no other alternative than to accept the recommendation of the receivers for a reduction of rental for a period of years (the court fixed the period at five years), and for a compromise of the amount then in arrears. The District Court entered an order accordingly.

The order is challenged here by a small minority of the holders of the mortgage notes on the ground that the court was without power to make the order and also because, if it had the power, there was an abuse of judicial discretion.

We think both grounds of challenge without merit. It is now undoubtedly the rule in federal courts, and indeed in the state courts as well, that a court in the administration of property for which a receiver has been appointed may authorize him to lease the property under such reasonable terms and conditions as will best subserve the interest of those concerned. This grows out of the very necessities of the situation. The court, having taken the property over, is charged with its care and custody, and it would be a great hardship to those whose funds are invested in the property if the court could not in a proper case so manage and control it as to protect those interests from loss.

Here a very great majority of the security holders ask that the court's action be affirmed; only a small minority object. The period for which the court's order reduces the lease rental is longer than we would have designated, but the situation required liberality to give opportunity to the tenant to rehabilitate its financial position. This will follow through the accommodation of its other creditors, and in the long run what the court ordered the receivers to consent to seems to be so clearly in the interest of the mortgage holders that, notwithstanding the objection we have pointed out, we do not feel justified in interfering, nor do we regard the action of the court as an abuse of discretion.

Appeal dismissed, with costs.